KOZLOFF STOUDT
Professional Corporation
By:     Jeffrey R. Elliott, Esquire
        Attorney I.D. #38147
2640 Westview Drive
P.O. Box 6286
Wyomissing, PA 19610
(610) 670-2552                                          ATTORNEYS FOR PLAINTIFF

_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEON E. WARMKESSEL, | : CIVIL ACTION |
| | : No. 03-2941 |
| Plaintiff | : |
| | : JURY TRIAL DEMANDED |
| vs. | : [FILED ELECTRONICALLY] |
| | : |
| EAST PENN MANUFACTURING | : |
| CO., INC., | : |
| | : Assigned to: |
| Defendant | : James Knoll Gardner, J. |

**TRIAL MEMORANDUM OF PLAINTIFF LEON WARMKESSEL**

**A.      LIST OF EXHIBITS TO BE USED AT TRIAL**

1.      Any and all documents from Plaintiff's EEOC file;

2.      Note authored by Rodney Wahl (Warmkessel Dep. Exhibit 1)

3.      Note dated 4/10/01 "Leo's Leaving Early"

4.      Violation Notice to Leon Warmkessel Dated 4/30/01

5.      Personnel Representative Concern & Question Documentation Form Dated 4/30/01 re: Warmkessel conduct authored Anthony DiBenedetto

6.      Rodney Wahl's Notes from Telephone Conference with Leon Warmkessel dated 8/30/01 "Talk with Leon 8/30/01 6 a.m."

7. 11/15/01 Note authored by Rodney Wahl to Ken Kristan

8. Notes from 1/31/02 Meeting Between Warmkessel and Snyder

9. 2/1/02 Notes authored by Alison Snyder re: meeting with Warmkessel when he reported sexual harassment by Wahl

10. 2/8/02 Notes authored by Rodney Wahl re: discussion with Warmkessel

11. 2/8/02 Notes authored by Snyder from meeting with Danner and Warmkessel about the outcome of the investigation into Wahl's sexual harassment of Warmkessel

12. 2/11/02 Notes authored by Rod Wahl re: Warmkessel being late

13. 2/11/02 Notes "Leon Warmkessel Pilot Plant" (Warmkessel Dep. Exhibit #8)

14. Personnel Representative Concern & Question Documentation Form dated 2/11/02 re: Wahl/Warmkessel confrontation authored by TWD

15. Notes from 2/11/02 Meeting Between Warmkessel, Kristan and Danner

16. 2/12/02 Notes Authored by Rodney Wahl re: Discussion With Warmkessel

17. 2/13/02 Notes authored by Tom Danner re: his meeting with Kristan and Warmkessel

18. 2/22/02 Personnel Representative Concern & Question Documentation Form from Warmkessel re: his pay raise being short

19. 2/26/02 Notes Authored by Ken Kristan re: Incident Described by Broderick Lane

20. Rod Wahl's Note from a 4/02 Tailgate with Employees from Wahl's Department

21. 6/12/02 Personnel Representative Concern & Question Documentation Form Re: Mark Seivert Dated 6/12/02

22. 6/13/02 Violation Notice to Leon Warmkessel

23. Notes authored by Rod Wahl re: discussion with Warmkessel about leaving the building to turn off his headlights (Wahl Dep. Exhibit #4)

24. 2 Versions of East Penn Manufacturing Co., Inc. Company Code of Conduct

    a. East Penn Manufacturing Co., Inc. Company Code of Conduct – Effective Date 6/1/96

    b. East Penn Manufacturing Co., Inc. Company Code of Conduct (Reference Only watermark on second page)

25. Affidavit of Rodney Wahl

26. East Penn Manufacturing Co., Inc. Policies and Procedures Manual

27. Any and all documents from Rodney Wahl Personnel File

28. Plaintiff's Tax and Wage Information

29. Plaintiff's Medical Records

    a. Records from Macungie Medical Group

    b. Records from John F. Mitchell, M.D. Psychiatric & Counseling Associates

30. Plaintiff's notebook kept for incidents of harassment by Wahl

31. Expert Report of Richard F. Small, Ph.D., ABPP

32. Expert Report of John S. Risser, MA, ABVE, CRC

33. Expert Report of John R. Gaffin, J.D., SPHR

34. Deposition Transcripts of:

    a. Leon E. Warmkessel

    b. Rodney Wahl

    c. Allison Snyder

    d. Kenneth M. Kristan

    e. Richard Heil

    f. William Huyett

    g. Barry Frain, Jr.

    h. Broderick Lane

    i. Robert Harrop

    j. Alvin Warmkessel

35. Copies of all correspondence and applications as produced in discovery and presented as a "packet" exhibit, indicative of Plaintiff's attempts to find employment after termination by Defendant;

36. Photographs taken and produced in discovery and presented as a "packet" exhibit, at East Penn Manufacturing Co., Inc.

37. Any exhibit listed in Defendants' Trial Memorandum;

38. Any exhibit utilized by Defendant at trial;

39. Plaintiff reserves the right to amend this list, call exhibits out of order, and utilize additional exhibits with reasonable notice to the Court and to counsel.

B. **EXPERT WITNESSES**

    1.    Richard F. Small, Ph.D., ABPP
           2909 Windmill Road
           Sinking Spring, PA 19608

Dr. Small will testify, with a reasonable degree of medical certainty, and consistent with his written report produced to Plaintiff's mental state and condition, causation of the same, and future prognosis, which has been produced in discovery.

    2.    John S. Risser, MA, ABVE, CRC
           JSR Vocational and Consulting Services
           5062 Ridge Road
           Elizabethtown, PA 17022

Mr. Risser will testify, within a reasonable degree of professional vocational certainty, and consistent with his written report produced to Plaintiff's present employment and economic circumstances and his employment and economic potential, which has been produced in discovery.

    3.    John R. Gaffin, J.D., SPHR
           222 South Garfield Street
           Denver, CO 80209

Mr. Gaffin will testify, within a reasonable degree of professional certainty, and consistent with his written report produced to Defendant's misapplication of human resource management practices and inadequate application of policies, which has been produced in discovery.

C. **EXPERT CURRICULUM VITAE**

    1.    Richard F. Small, Ph.D., ABPP (C.V. is attached at Tab 1.)

    2.    John S. Risser, MA, ABVE, CRC (C.V. is attached at Tab 2.)

    3.    John R. Gaffin, J.D., SPHR (C.V. is attached at Tab 3.)

### D.  FACT WITNESSES TO BE CALLED AT TRIAL

    1.    <u>LEON E. WARMKESSEL</u>, 177 Orchard Road, Reading, PA 19605, who will testify to:

        a.    prior employment and education history;

        b.    prior state of physical/mental/emotional health;

        c.    seeking employment with Defendant, East Penn Manufacturing Co., Inc.;

        d.    being hired by Defendants as a fabricator;

        e.    interdepartmental transfers;

        f.    Plaintiff's hourly rate of pay and hours worked;

        g.    being subjected on a daily continuous and regular basis to overwhelmingly aggressive and unwelcome sexual harassment by Supervisor Wahl;

        h.    worsening of the sexual harassment, and threats and retaliation for complaining of same;

        i.    termination of his employment, in retaliation for complaints of sexual harassment;

        j.    physical and mental health problems as a result of his treatment at work;

        k.    counseling and medical/psychological treatment received subsequent to his employment with Defendants, and costs of the same;

        l.    work and wage history since employment with Defendants;

        m.    any and all issues addressed by Defendants in their Trial Memorandum or at trial.

    2.    <u>RODNEY WAHL</u>, 498 Ridge Road, Shoemakersville, PA, 19555, who will testify to:

    a.    employment with Defendants;

    b.    position(s) held with Defendants;

    c.    nature and extent of the offensive physical, verbal, and sexual behavior, including sexual harassment to which Plaintiff was subjected by Wahl during his employment;

    d.    Wahl's admittedly inappropriate touchiness of co-workers and subordinates in the workplace;

    e.    Defendant's lack of responsiveness to Plaintiff's complaints and retaliation for said complaints; and,

    e.    any and all issues addressed by Defendants in their Trial Memorandum or at trial.

    3.    <u>ALISON SNYDER</u>, 2904 State Hill Road, Wyomissing, PA 19610, who will testify to:

    a.    employment with Defendants;

    b.    position(s) held with Defendants;

    c.    nature and extent of knowledge of the offensive physical, verbal, and sexual behavior, including sexual harassment to which Plaintiff was subjected during his employment;

    d.    Defendant's lack of responsiveness to Plaintiff's complaints and retaliation for said complaints; and,

    e.    any and all issues addressed by Defendants in their Trial Memorandum or at trial.

    4.    <u>KENNETH M. KRISTAN</u>, 431 Farmington Road, Mertztown, PA 19539, who will testify to:

    a.    employment with Defendants;

  b. position(s) held with Defendants;

  c. nature and extent of knowledge of the offensive physical, verbal, and sexual behavior, including sexual harassment to which Plaintiff was subjected during his employment;

  d. Defendant's lack of responsiveness to Plaintiff's complaints and retaliation for said complaints;

  e. Retaliation against Plaintiff after Plaintiff's complaints of Wahl's sexual harassment; and

  f. any and all issues addressed by Defendants in their Trial Memorandum or at trial.

 5. <u>RICHARD HEIL</u>, 8807 Kings Highway, Kempton, PA, 19529 who will testify to:

  a. employment with Defendants;

  b. position(s) held with Defendants;

  c. nature and extent of knowledge of the offensive physical, verbal, and sexual behavior, including sexual harassment to which Plaintiff was subjected during his employment;

  d. Defendant's lack of responsiveness to Plaintiff's complaints and retaliation for said complaints; and,

  e. any and all issues addressed by Defendants in their Trial Memorandum or at trial.

 6. <u>WILLIAM HUYETT</u>, 761 Hill Road, Blandon, PA, 19510, who will testify to:

  a. employment with Defendants;

  b. position(s) held with Defendants;

  c. nature and extent of knowledge of the offensive physical, verbal, and sexual behavior, including sexual harassment to which Plaintiff was subjected during his employment;

      d.    Defendant's lack of responsiveness to Plaintiff's complaints and retaliation for said complaints; and,

      e.    any and all issues addressed by Defendants in their Trial Memorandum or at trial.

    7.    <u>BARRY FRAIN, JR.</u>, 447 Acer Drive, Blandon, PA, 19510, who will testify to:

      a.    employment with Defendants;

      b.    position(s) held with Defendants;

      c.    nature and extent of knowledge of the offensive physical, verbal, and sexual behavior, including sexual harassment to which Plaintiff was subjected during his employment;

      d.    Defendant's lack of responsiveness to Plaintiff's complaints and retaliation for said complaints; and,

      e.    any and all issues addressed by Defendants in their Trial Memorandum or at trial.

    8.    <u>BRODERICK LANE</u>, 3064 Pheasant Drive, Northampton, PA, 18067, who will testify to:

      a.    employment with Defendants;

      b.    position(s) held with Defendants;

      c.    nature and extent of knowledge of the offensive physical, verbal, and sexual behavior, including sexual harassment to which Plaintiff was subjected during his employment;

      d.    Defendant's lack of responsiveness to Plaintiff's complaints and retaliation for said complaints; and,

      e.    any and all issues addressed by Defendants in their Trial Memorandum or at trial.

    9.    <u>ROBERT HARROP</u>, 10 Carmina Drive, Sinking Spring, PA, 19608, who will testify to:

  a. employment with Defendants;

  b. position(s) held with Defendants;

  c. nature and extent of knowledge of the offensive physical, verbal, and sexual behavior, including sexual harassment to which Plaintiff was subjected during his employment;

  d. Defendant's lack of responsiveness to Plaintiff's complaints and retaliation for said complaints; and,

  e. any and all issues addressed by Defendants in their Trial Memorandum or at trial.

 10. ALVIN J. WARMKESSEL, 10442 Trexler Road, Breinigsville, Pa, 18031, who will testify to:

  a. relation to Plaintiff;

  b. prior state of physical/mental/emotional health;

  c. nature and extent of knowledge of the offensive physical, verbal, and sexual behavior, including sexual harassment to which Plaintiff was subjected during his employment;

  d. Defendant's lack of responsiveness to Plaintiff's complaints and retaliation for said complaints; and,

  e. physical and mental health problems as a result of his treatment at work;

  f. counseling and medical/psychological treatment received subsequent to his employment with Defendants

  g. any and all issues addressed by Defendants in their Trial Memorandum or at trial.

 11. ATEF ABD-ELAZIZ, 456 Bingaman Street, Reading, Pa., 19602 and/or 302 Oley Street, Reading, Pa., 19602, who will testify to:

  a. relation to Plaintiff;

  b. prior state of physical/mental/emotional health;

  c. nature and extent of knowledge of the offensive physical, verbal, and sexual behavior, including sexual harassment to which Plaintiff was subjected during his employment;

  d. Defendant's lack of responsiveness to Plaintiff's complaints and retaliation for said complaints; and,

  e. physical and mental health problems as a result of his treatment at work;

  f. counseling and medical/psychological treatment received subsequent to his employment with Defendants

  g. any and all issues addressed by Defendants in their Trial Memorandum or at trial.

 12. Records custodian, Macungie Medical Group, to authenticate medical records if Defendants will not stipulate to the same.

 13. Records custodian, John F. Mitchell, M.D. Psychiatric and Counseling Associates, to authenticate records if Defendants will not stipulate to same.

 14. Buddy Styer, Jr., A.W. Styer Photography, to authenticate photographs taken at East Penn Manufacturing if Defendants will not stipulate to same.

 15. Any and all witnesses called by Defendants;

 16. Plaintiff reserves the right to amend this list to add witnesses possessing knowledge or information relevant to the disposition of this case, with reasonable notice to the Court and counsel;

### E. ITEMIZED STATEMENT OF DAMAGES

 1. Back Pay: $148,017.41;

 2. Front Pay - as set forth in the report of Plaintiff's expert, John S. Risser, MA, ABVE, CRC, attached hereto as Tab 4.

      3.      Medical/Psychiatric Counseling Expenses – as set forth in the report of Plaintiff's expert or to be determined;

      4.      Attorney's Fees and Costs – to be the subject of evidence at trial, based upon fees and costs for trial;

      5.      Punitive Damages (unliquidated).

**F.**    **STATEMENT OF UNIQUE LEGAL AND PROCEDURAL ISSUES**

      1.      Defendant's Motion for Summary Judgment which has been briefed and is pending.

      2.      Defendant also filed a Motion in Limine seeking to preclude the expert report and testimony of John Gaffin, J.D., SPHR, which Motion has been briefed and is pending.

**G.**    **NAMES AND ADDRESSES OF PARTIES**

The addresses of the Plaintiff and Defendant have remained the same since the commencement of this litigation and are as follows:

    1.    Leon E. Warmkessel
          177 Orchard Road
          Reading, PA 19605

    2.    East Penn Manufacturing Co., Inc.
          1 Deka Road
          Lyon Station, PA  19536

**H.**    **NAME AND ADDRESS OF TRIAL COUNSEL**

    1.    Jeffrey R. Elliott, Esquire
          Kozloff Stoudt, Professional Corporation
          2640 Westview Drive
          P.O. Box 6286
          Wyomissing, PA  19610
          (610) 670-2552

**I.**    **PROPOSED VOIR DIRE QUESTIONS (attached at Tab 5)**

**J.** **PROPOSED FORM OF VERDICT SLIP (attached at Tab 6)**

**K.** **OTHER MATTERS**

None at this time.

KOZLOFF STOUDT
Professional Corporation


____/s/_____
Jeffrey R. Elliott, Esquire
*Attorneys for Plaintiff*

KOZLOFF STOUDT
Professional Corporation
By:    Jeffrey R. Elliott, Esquire
       Attorney I.D. #38147
2640 Westview Drive
P.O. Box 6286
Wyomissing, PA 19610
(610) 670-2552                                    ATTORNEYS FOR PLAINTIFF

_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON E. WARMKESSEL, | : CIVIL ACTION |
| | : No. 03-2941 |
| Plaintiff | : |
| | : JURY TRIAL DEMANDED |
| vs. | : [FILED ELECTRONICALLY] |
| | : |
| EAST PENN MANUFACTURING | : |
| CO., INC., | : |
| | : Assigned to: |
| Defendant | : James Knoll Gardner, J. |

### CERTIFICATE OF SERVICE

     I, Jeffrey R. Elliott, Esquire, attorney for Plaintiff, Leon E. Warmkessel, certify that on ____May 9, 2005___, I electronically filed the *Trial Memorandum of Plaintiff, Leon E. Warmkessel* via the ECF system and it is available for viewing and downloading from ECF system.

                        Joseph D. Shelby, Esquire
                        Stevens & Lee, P.C.
                        P.O. Box 1594
                        Lancaster, PA 17608-1594

                        KOZLOFF STOUDT


                        ____/s/_____
                        Jeffrey R. Elliott, Esquire