KOZLOFF STOUDT
Professional Corporation
By:    Jeffrey R. Elliott, Esquire
        Attorney I.D. #38147
2640 Westview Drive
P.O. Box 6286
Wyomissing, PA 19610
(610) 670-2552                                    ATTORNEYS FOR PLAINTIFF

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON E. WARMKESSEL, | : CIVIL ACTION |
| | : No. 03-2941 |
| Plaintiff | : |
| | : JURY TRIAL DEMANDED |
| vs. | : [FILED ELECTRONICALLY] |
| | : |
| EAST PENN MANUFACTURING | : |
| CO., INC., | : |
| | : Assigned to: |
| Defendant | : James Knoll Gardner, J. |

---

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

The following are Plaintiff's Proposed Jury Instructions which, after good faith

effort in accordance with the Court's Jury Trial Attachment Order dated December 20,

2004, counsel for Plaintiff and Defendant are unable to agree upon:

<u>PLAINTIFF'S PROPOSED INSTRUCTION NO. 1</u>

    1.       Under all the law and evidence in this case, the verdict must be for the

Plaintiff.

<u>PLAINTIFF'S PROPOSED INSTRUCTION NO. 2</u>

The Plaintiff, Leon E. Warmkessel has brought a claim against Defendant, East Penn Manufacturing, which involves Mr. Warmkessel's rights under Title VII of the Civil Rights Act.

PLAINTIFF'S PROPOSED INSTRUCTION NO. 3

In this case, both Mr. Warmkessel and the alleged harasser, Rodney Wahl, are male. The United States Supreme Court and federal courts have recognized a cause of action for same-sex sexual harassment. As with all claims of sexual harassment, the issue to be determined is whether members of one sex are exposed to disadvantageous terms and conditions of employment to which members of the other sex are not exposed, namely, being harassed "because of" one's sex. There can be several different ways by which a plaintiff can show same-sex sexual harassment:

1)      By showing that the perpetrator is homosexual, here meaning sexually oriented towards men, that the harassment was motivated by sexual desire or gratification, and that the plaintiff was sexually harassed because he is a male;

2)      By showing motivation of general hostility toward members of that gender in the workplace; or,

3)      By showing harassment because an individual did not fit the stereotype of his gender, in this case of masculinity or manliness.

Authority:    <u>Oncale v. Sundowner Offshore Services, Inc.,</u>523 U.S. 75 (1998);

<u>Merritt v. Delaware River Port Authority</u>, 1999 U.S.Dist. LEXIS 5896 (E.D.Pa. 1999);

<u>Bianchi v. City of Philadelphia</u>, 183 F.Supp.2d 726 at 735 (E.D.Pa. 2002).

<u>PLAINTIFF'S PROPOSED INSTRUCTION NO. 4</u>

Mr. Warmkessel, claims that he was sexually harassed by Defendant's shop supervisor and his immediate supervisor, Rodney Wahl in violation of Title VII. Mr. Warmkessel also claims that Defendant failed to take prompt and effective remedial action to end the harassment and retaliated against Mr. Warmkessel by firing him subsequent to his Complaint.

Authority:

<u>Faragher v. City of Boca Raton</u>, 118 S. Ct. 2275 (1998); <u>Burlington Industries, Inc. v. Ellerth</u>, 118 S. Ct. 2257 (1998).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 5

Plaintiff's claim that Leon E. Warmkessel was subjected to a type of sexual harassment which is called hostile work environment.

In proving his claim of hostile work environment against Defendant, East Penn Manufacturing Co., Inc., the Plaintiff must show, by the preponderance of the evidence that:

First, Plaintiff, Leon E. Warmkessel was subjected to sexual harassment;

Second, the conduct constituting sexual harassment was unwelcome;

Third, such conduct was based upon Mr. Warmkessel's sex or gender;

Fourth, such conduct was sufficiently severe or pervasive that a reasonable person in Mr. Warmkessel's position would find his environment intimidating, hostile, or offensive;

Fifth, at the time such conduct occurred and as a result of such conduct, Mr. Warmkessel believed his work environment to be hostile.

Sixth, the Defendant knew or should have known of the conduct or conditions giving rise to Plaintiff's claim; and

Seventh, Defendant failed to take prompt and effective corrective action to end the harassment.

If any of the above elements have not been proven by the preponderance of the evidence, your verdict must be for the Defendant.  However, if the Plaintiff proves each of these elements I have described, then you must find Defendant liable for any damages caused by its failure to fulfill its legal duty to Plaintiff, Leon E. Warmkessel.

Authority:

Harris v. Forklift Systems. Inc., 114 S. Ct. 367 (1993); Meritor Say. Bank FSB v Vinson,

477 U.S. 57 (1986); Andrews v. City of Philadelphia, 895 F.2d 1469 (3d Cir. 1990).

<u>PLAINTIFF'S PROPOSED INSTRUCTION NO. 6</u>

Sexual harassment is illegal under Title VII. To constitute illegal sexual harassment, behavior, can, but need not always involve physical touching of the victim. Sexual harassment may include any pattern of statements or behavior of an unwanted, inappropriate and offensive sexual nature.

This may include, for example, but is not limited to, comments about body parts, gesturing, and or other non-verbal behavior, as well as, sexual advances, sexually inappropriate touching, or persistent requests for sexual relationships.

Authority:

<u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469 (3d Cir. 1990)

PLAINTIFF'S PROPOSED INSTRUCTION NO. 7

To be actionable under Title VII, the alleged sexual conduct against Mr. Warmkessel must be "unwelcome." "Unwelcome" simply means undesired. This means that you may find that the conduct was unwelcome, even though Plaintiff may have tolerated the activity at issue, as long as Plaintiff did not want or desire the conduct to occur.

In determining whether the conduct was unwelcome, you are to concern yourself only with whether the Plaintiff considered the conduct unwelcome. Thus, the correct inquiry is whether Mr. Warmkessel, by his conduct, indicated that the alleged sexual harassment was unwelcome. In this regard, you may consider his actions in response to Mr. Wahl's conduct, including any complaints raised by Mr. Warmkessel.

Authority:

Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57 (1986); Harris v. Forklift Systems, Inc., U.S. ____, 114 S. Ct. 367 (1993); Andrews v. City of Philadelphia, 895 F.2d 1469 (3d Cir. 1990); Spain v. Gallegos, 26 F.3d 439 (3d Cir. 1994).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 8

For workplace conduct to constitute hostile environment sexual harassment, the conduct must be sufficiently severe or pervasive. The determination of whether the conduct towards Mr. Warmkessel was sever or pervasive must be based on the totality of the circumstances. The circumstances may include: the frequency of the discriminatory conduct; its severity; whether is physically threatening or humiliating, or a mere offensive utterance. No single factor is required.

Considering the totality of the circumstances means that each incident must not be considered individually, but rather, considered within the overall scenario. Each incident must be viewed within the context of the other related incidents.

Authority:

Harris v. Forklift Systems, Inc., ____ U.S. ____, 114 S. Ct. 367 (1993). Andrews v. City of Philadelphia, 895 F.2d 1469 (3d Cir. 1990); West v. Philadelphia Electric Co., 45 F.3d 744, 756 (3d Cir. 1995).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 9

Unwelcome conduct of a sexual nature or based upon sex is sufficiently "severe" when it significantly interferes with Plaintiff's participation in, or enjoyment of the activity. Remember that the Plaintiff has to prove either the conduct was pervasive or that it was severe.

Authority:

Harris v. Forklift Systems, Inc., ____ U.S, ____, 114 S. Ct. 367 (1993); Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57 (1986).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 10

When considering all of the circumstances in determining whether

Mr. Warmkessel's work environment was hostile within the meaning of Title VII, you

must evaluate these factors from both a subjective and objective viewpoint - - that is,

you must consider not only the effect the discriminatory conduct had on

Mr. Warmkessel, but also the impact it likely would have had on a reasonable employee

in his position.  In essence, you must decide whether a reasonable person in Plaintiff's

position would consider the conduct sufficiently severe or pervasive to create a hostile

work environment.

Authority:

Harris v. Forklift Systems, Inc., _____ U.S. _____, 114 S. Ct. 367 (1993); Meritor Sav. Bank,

FSB v. Vinson, 477 U.S. 57 (1986); Andrews v. City of Philadelphia, 895 F.2d 1469 (3d

Cir. 1990).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 11

Mr. Warmkessel need not suffer psychological harm in order to establish a claim of hostile work environment sexual harassment.

Authority:

Harris v. Forklift Systems, Inc., ____U.S. ____, 114 S. Ct. 367 (1993)

<u>PLAINTIFF'S PROPOSED INSTRUCTION NO. 12</u>

A plaintiff may establish an employer's knowledge by showing: (1) that he complained to higher management; **<u>or</u>** (2) that the harassment was so pervasive that the employer will be charged with constructive knowledge.

Authority:    <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775 (1998).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 13

An employer "is subject to vicarious liability to a victimized employee for an actionable hostile environment created by a supervisor with immediate (or successively higher) authority over the employee."

Authority:     *Faragher v. Boca Raton*, 524 U.S. 775 (1998).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 14

East Penn has presented evidence of having a sexual harassment policy in place.

The defense, however, of having a sexual harassment policy in place is unavailable,

when the supervisor's harassment culminates in a tangible employment action, such as

discharge, demotion, or undesirable reassignment.

Authority:   Faragher v. City of Boca Raton, 524 U.S. 775 (1998); Burlington

Indus. v. Ellerth, 524 U.S. 742 (1998).

<u>PLAINTIFF'S PROPOSED INSTRUCTION NO. 15</u>

No affirmative defense is available to an employer when the supervisor's sexual harassment culminates in a tangible employment action, such as discharge, demotion, or undesirable reassignment.

Authority: <u>Burlington Indus. v. Ellerth</u>, 524 U.S. 742 (1998).

<u>PLAINTIFF'S PROPOSED INSTRUCTION NO. 16</u>

A sexual harassment policy is insufficient to be utilized as a defense to liability, when it is not communicated to the employees who were ultimately victimized and does not have a complaint procedure which would have allowed the victim to bypass a harassing supervisor to register a complaint.

Authority:    <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775 (1998);

PLAINTIFF'S PROPOSED INSTRUCTION NO. 17

I instruct you that Rodney Wahl was an employee of East Penn Manufacturing Co., Inc.  East Penn Manufacturing Co., Inc. was charged with the responsibility of responding to Plaintiff's Complaint of sexual harassment, and its human resources department led by Allison Snyder was specifically responsible for appropriately responding the Mr. Warmkessel's complaints.  If you find that East Penn Manufacturing Co., Inc. or Ms. Snyder knew of the unwelcome conduct of Rodney Wahl and failed to take prompt and effective remedial action, then you must find Defendant, East Penn Manufacturing Co., Inc. liable for the illegal conduct of its employees.  As a matter of law any knowledge of such illegal conduct on the part Rodney Wahl or Allison Snyder is to be considered the knowledge of East Penn Manufacturing Co., Inc.

Authority: Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998); Burlington Indus. v. Ellerth, 524 U.S. 742, 765 (1998); Harris v. Forklift Sys., Inc., 510 U.S. 17, 114 S. Ct. 367 (1993); Andrews v. City of Philadelphia, 895 F.2d 1469 (3d Cir. 1990).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 18

The Defendant in this case is a corporation.  A corporation may act only through natural person as its agents or employees. In general, agents or employees of a corporation may bind the corporation their acts and declarations made while acting within the scope of their authority delegated to them by the corporation, or within the scope of their duties as employees of the corporation.

Any action by an officer, employee or agent of a corporation constitutes an action by the corporation.  Therefore, East Penn Manufacturing Co., Inc. is responsible for any unlawful acts of its owners, officers, managers. employees, supervisors or any other agents which were committed while that person was acting within the scope of his duties or within the scope of the authority given by the company.

Authority:

3 O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, §108.1 (5th 2000);

Farargher v. City of Boca Raton, 524 U.S. 775, 807 (1998); Burlington Indus. v. Ellerth, 524 U.S. 742, 765 (1998)

PLAINTIFF'S PROPOSED INSTRUCTION NO. 19

It is unlawful for an employer such as East Penn Manufacturing Co., Inc. to fail

to take prompt and effective steps to prevent a sexually hostile environment from

occurring. When an employer has received any complaint, notice, or knowledge of facts

such as to place the employer on notice of a sexually hostile environment, the employer

has a duty to take all reasonable steps necessary to end such illegal conduct, and to

prevent any further occurrence. Such steps must be immediate, appropriate, and

reasonably calculated to end the discrimination. The law requires the employer to do

more than merely request that the individual engaging in the prohibited conduct refrain

from further conduct.

If an employer eventually takes some corrective action, it nevertheless remains

liable for any damages caused by a sexually hostile work environment at a time in

which the employer knew or should have known the harassing conduct existed. Those

with authority cannot turn a deaf ear or blind eye to situations of obvious harassment.

Therefore, if you find that East Penn Manufacturing Co., Inc. failed to take

prompt and adequate corrective action, then you must find it liable for all damages

suffered by Plaintiff.

Authority: <u>Bouton v. BMW of North America Inc.</u>, 29 F.3d 103 (3d Cir. 1994);

<u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469 (3d Cir. 1990).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 20

In addition to prohibiting discrimination based on gender, Title VII and the

Pennsylvania Human Relations Act bar retaliation by an employer against an employee

who has participated… in an action brought to enforce that legislation.  An employer

may not "discriminate against any of his employees… because he has made a charge,

testified, assisted, or participated in any manner in an investigation, proceeding, or

hearing under [Title VII]."

Authority: 42 U.S.C. Section 2000e-3(a); Bianchi v. City of Philadelphia, 183

F.Supp.2d 726 at 735 (E.D.Pa. 2002).

<u>PLAINTIFF'S PROPOSED INSTRUCTION NO. 21</u>

In order to establish his claim of discriminatory retaliation, Warmkessel must demonstrate three elements:

(1)     that he engaged in conduct protected by Title VII;

(2)     that East Penn, subsequent to this conduct, took adverse employment action against him; and,

(3)     that there was a causal connection between the conduct protected by the statute and the employer's actions.

Authority:     <u>Bianchi v. City of Philadelphia</u>, 183 F.Supp.2d 726 at 739 (E.D.Pa. 2002); <u>Nelson v. Upsala College,</u> 51 F.3d 383 at 386 (3d Cir. 1995).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 22

Warmkessel does not need to demonstrate that the action he protests is actually a violation of Title VII.  Instead, he need only have a good faith belief that the conduct he protests is in violation of Title VII.

Authority:    Bianchi v. City of Philadelphia, 183 F.Supp.2d 726 at 739 (E.D.Pa. 2002); Aman v. Cort Furniture Rental Corp., 85 F.3d 1074 at 1085 (3d Cir. 1996).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 23

In order to prevail on his retaliation claim, Mr. Warmkessel need not prove the merits of the underlying discrimination and sexual harassment complaints.  A verdict, therefore, can contain both a finding against Mr. Warmkessel on his civil rights claims, but for Mr. Warmkessel on his retaliation claims.

Authority:    Bianchi v. City of Philadelphia, 183 F.Supp.2d 726 at 739 (E.D.Pa. 2002); Griffiths v. CIGNA Corp., 988 F.2d 457 at 468 (3d Cir. 1993); Woodson v. Scott Paper Co., 109 F.3d 913 (3d Cir. 1997); Riseman v. Advanta Corp., 2001 U.S.Dist. LEXIS 15760 (E.D.Pa., September 12, 2001).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 24

A plaintiff may demonstrate the causal link between the protected activity [here, the sexual harassment complaint to East Penn's Human Resources Department] and the adverse employment consequences.  Even where the plaintiff fails to show a close chronological connection between the conduct and the consequence, plaintiff may illustrate a connection between the two.  A complaint of harassment may cause a deteriorating relationship between the employer and the employee which helps establish a pattern of antagonistic behavior followed through to and remaining consistent with retaliatory conduct.  In considering a retaliation claim, a court should look not only at individual incidents, but on the overall scenario.

Authority:    Bianchi v. City of Philadelphia, 183 F.Supp.2d 726 at 740 (E.D.Pa. 2002);  Woodson v. Scott Paper Co., 109 F.3d 913 at 920 (3d Cir. 1997);  Robinson v. SEPTA, 982 F.2d 892 at 895 (3d Cir. 1993); Andrews v. City of Philadephia, 895 F.2d 1469 at 1484 (3d Cir. 1990).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 25

Plaintiff may claim intentional infliction of emotional distress in the context of an employment relationship, where both sexual harassment and retaliation are involved.

Authority:    Hitchens v. County of Montgomery, 2002 U.S. Dist. LEXIS 2050 at *28 (E.D.Pa., February 11, 2002), citing Andrews v. City of Philadelphia, 895 F.2d 1469 at 1487 (3d Cir. 1990).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 26

Warmkessel has alleged that Defendant was negligent, and breached its duty to have a workplace free of discrimination. Under Pennsylvania law, there are four elements of negligence, all of which must be proven by a Plaintiff before an award can be made. (1) First, there must be a duty or obligation, recognized by the law, requiring the Defendant to conform to a certain standard of conduct for protection of others against unreasonable risks; (2) Second, there must be a failure on the part of the Defendant to conform to the required standard; (3) Third, there must be a reasonably close causal connection between the conduct and the resulting injury; and (4) Fourth, there must be actual loss or damage resulting to the interests of the Plaintiff.

Authority:    Armbruster v. Epstein, 1996 U.S.Dist. LEXIS 7459 (E.D.Pa. 1996); In re TMI, 67 F. 3d 1103 (C.A.3 PA 1995), Reilly v. Tiergarten, Inc., 633 A.2d 208, 430 Pa.Super. 10, appeal denied 649 A.2d 675, 538 Pa. 673 (Pa.Super.1993).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 27

Under Title VII, a Plaintiff is entitled to be made whole. This relief includes an award of back pay for the period Mr. Warmkessel separated hid employment to the date Mr. Warmkessel secured comparable employment. This amount consists of the wages and benefits the Plaintiff would have received from his last date of employment.

Authority:  42 U.S.C. §2000e-5(g); <u>Albemarle Paper Co. v. Moody</u>, 422 U.S. 405, 95 S. Ct. 2362 (1975).

<u>PLAINTIFF'S PROPOSED INSTRUCTION NO. 28</u>

If you find that the Defendant violated Title VII, you must then determine whether Mr. Warmkessel is entitled to compensatory damages. In addition to back pay, you may award the Plaintiff a sum of money that you believe will justly and fairly compensate him for any injury you believe he suffered as a result of the Defendant's conduct in violation of Title VII.

Compensatory damages may be awarded for emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation and inconvenience, mental anguish, and medical expenses incurred as a result of psychological or physical harm.

There is no exact standard for fixing the compensation to be awarded this element of damages. Any award should be fair in light of the evidence presented at trial. .

Authority:

<u>Harris v. Forklift Sys., Inc.</u>, - U.S.-, 114 S. Ct. 367 (1993), <u>Cary v. Piphus</u>, 435 U. S. 247, 263-264, 98 S. Ct. 1042, 1052-53 (1987); <u>Bolden v. Septa</u>, 21 F.3d 299 (3d Cir. 1994)

PLAINTIFF'S PROPOSED INSTRUCTION NO. 29

Under the Civil Rights Act it is not necessary that the Plaintiff suffer a physical injury to be awarded damages.  This is because, as I advised you, the damage suffered by a victim of a sexual harassment is, as a general rule, emotional and financial, not physical.  However, this is not to say that a victim of sexual harassment does not suffer a real injury.  In fact, a victim of sexual harassment can suffer a dehumanizing injury as real as, and often far more severe and lasting harm, than a physical injury.

Authority:

Mardell v. Harleysville Life Insurance Co., 31 F 3d 1221, 1232 (3d Cir. 1994)

PLAINTIFF'S PROPOSED INSTRUCTION NO. 30

In addition to the claims for damages already mentioned, you should consider whether Mr. Warmkessel is entitled to punitive damages. If you find that Defendant acted with malice and reckless indifference to Plaintiff's federally protected right to work in an environment free of sexual harassment, then in addition to any damages to which you find Plaintiff entitled, you may award Mr. Warmkessel punitive damages.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish Defendant for acting with malice or reckless indifference to Plaintiffs rights or deter it and other like it from performing similar conduct in the future.

Whether to award Plaintiff punitive damages, and the amount of those damages, are within your discretion.

Authority:  Kolstad v. American Dental Association, 527 U.S. 526, 199 S. Ct. 2118 (1999).

PLAINTIFF'S PROPOSED INSTRUCTION NO. 31

A wrongfully discharged employee is only required to make a reasonable effort to mitigate damages, and is not held to the highest standard of diligence.  The reasonableness of the effort to find substantially equivalent employment should be evaluated in light of the individual's background and experience and the relevant job market.

National Labor Relations Board vs. Weston Hotel, 758 F.2d 1126 (6th Cir. 1985).

Respectfully submitted,

KOZLOFF STOUDT
Professional Corporation

_/s/_____
Jeffrey R. Elliott, Esquire
Joan E. London, Esquire
2640 Westview Drive
P.O. Box 6286
Wyomissing, PA 19610
(610) 670-2552
Attorney for Plaintiff

KOZLOFF STOUDT
Professional Corporation
By:    Jeffrey R. Elliott, Esquire
       Attorney I.D. #38147
2640 Westview Drive, P.O. Box 6286
Wyomissing, PA 19610
(610) 670-2552                          ATTORNEYS FOR PLAINTIFF

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LEON E. WARMKESSEL,              : CIVIL ACTION
                                 : No. 03-2941
              Plaintiff          :
                                 : JURY TRIAL DEMANDED
       vs.                       : [FILED ELECTRONICALLY]
                                 :
EAST PENN MANUFACTURING          :
CO., INC.,                       :
                                 : Assigned to:
              Defendant          : James Knoll Gardner, J.

---

### CERTIFICATE OF SERVICE

---

I, Joan E. London, Esquire, certify that on this date, the foregoing Proposed Jury Instructions of Plaintiff was filed electronically and is available for viewing on the Court's ECF system, and I electronically served a true and correct copy of the foregoing Proposed Jury Instructions of Plaintiff upon the following counsel of record:

          Joseph D. Shelby, Esquire
          25 North Queen Street, P.O. Box 602
          P.O. Box 1594
          Lancaster, PA 17608-1031

                              KOZLOFF STOUDT
                              Professional Corporation

                              /s/_____
Date:  May 31, 2005           Joan E. London, Esquire